◾ In the Matter of MILDRED FORTIN, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated November 8, 1978, which affirmed a determination of the State Division of Human Rights finding no probable cause to believe that respondent State Department of Motor Vehicles was guilty of an unlawful discriminatory practice. Petitioner suffered injuries in an automobile accident on April 3, 1977 which prevented her from performing her duties as a clerk for the State Department of Motor Vehicles. After she had undergone therapy treatments and been under her doctor's care for several months, petitioner was told to see a State physician on July 25, 1977. The physician determined that petitioner could resume her full duties and the department ordered her to return to work on August 4, 1977, which she did. Petitioner then filed a complaint with the

State Division of Human Rights alleging that the department discriminated against her on the basis of her disability by denying her equal terms, conditions and privileges of employment. Petitioner contends that she lost some $1,500 in wages as a result of being placed on half pay status between April 26, 1977 and August 3, 1977. She argues that the reason she remained out of work until August of 1977 was the department's position that she could not resume her duties until able to do so on a full-time basis without requiring time off for doctors' appointments and therapy treatmetns. However, when ordered back to work on August 4, 1977, the department was aware that petitioner had various doctors' appointments in August and permitted her to leave work in order to keep these appointments. Thus, petitioner claims that she was discriminated against in that she was unnecessarily made to go on half pay status between April 26, 1977 and August 3, 1977 in order to keep her doctors' appointments. The State Division of Human Rights dismissed petitioner's complaint after their investigation disclosed that there was no probable cause to support the claim of discrimination. The record contains numerous letters from petitioner's physicians between April and July of 1977 indicating that she was not able to return to work. The last letter submitted by her physician, Dr. Martinez, stated that petitioner could resume her normal duties as of July 14, 1977. This diagnosis was confirmed by the examination of petitioner performed by the State physician on July 25, 1977. Accordingly, since there is sufficient evidence on the record as a whole to support the finding that petitioner was not allowed to return to work due to the letters submitted by her own doctors, the determination must be confirmed (Executive Law, § 298; *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 424). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.